**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Commercial Solar Power, Inc. ,**

        **Plaintiff,**

-vs-                                            **Case No.  6:12-cv-667-Orl-31KRS**

**Global Green Technology Holdings, LLC;**
**Blue Beetle III, LLC; and ESA Renewables,**
**LLC.,**

        **Defendants.**

_____

## ORDER AND NOTICE OF HEARING

This cause comes before the Court on a Motion for Temporary Restraining Order (Doc. 2), filed by Plaintiff Commercial Solar Power, Inc. ("CSP").

CSP is a "development company that develops and acquires renewable energy projects." On November 11, 2011, it entered into an agreement with Defendants to purchase a "solar panel project" located in Barceloneta, Puerto Rico (the "Project"). Pursuant to the agreement, CSP would provide financing for the Project to be constructed by Defendants. Upon completion, if all the conditions precedent to closing were met, CSP would then purchase the Project. Defendants, however, allegedly breached the agreement by failing to meet certain conditions precedent to closing. Notwithstanding their breach, on April 26, 2012, Defendants demanded payment from CSP and threatened to "offer the Project for sale to other purchasers" if it refused to pay. (Doc. 1 at 6). CSP "stands ready, able and willing to complete the Closing and purchase the Project upon

Defendants' completion of the conditions precedent to Closing." (Doc. 1 at 6). As relevant to the instant Motion, Paragraph 8.4 of the Agreement provides that,

> [e]ach party acknowledges that the other would suffer irreparable damage and would not have an adequate remedy at Law for money damages in the event that any of the covenants of agreements set forth in this Agreement were not performed . . . in addition to any other remedy to which it may be entitled . . . [the non-breaching party] shall be entitled to specific performance, injunctive and other equitable relief, without the necessity of posting a bond or other security.

(Doc. 2 at 2). Plaintiff has alleged that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

CSP filed this single Count suit for specific performance on May 2, 2012, concurrent with the instant Motion for Temporary Restraining Order requesting that the Court enjoin Defendants from selling the Project. Based on the foregoing facts alleged by CSP, the Court finds a reasonable likelihood that CSP will succeed on the merits of its claims against the Defendants. CSP has shown a meaningful risk of irreparable harm in the absence of a temporary restraining order; to wit, the Defendants will carry through on their threat to immediately offer the Project for sale to other purchasers, leaving CSP without an adequate remedy at law as a matter of fact and as a matter of contract. This order is being entered without prior notice to the Defendants because the threatened injury is immediate and further delay could result in irreparable damage to CSP. The threatened injuries to CSP outweigh the possible injury to that this Temporary Restraining Order may cause the Defendants and the public interest will be served by issuing the same. Finally, based on the unique facts of this Case and the Parties' prior stipulation in Paragraph 8.4 of the Agreement, this Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings. Should Defendants make a showing that security is appropriate

for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

It is therefore,

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2), is **GRANTED**, it is further **ORDERED** that,

1. The Defendants and their agents and representatives are hereby **ENJOINED** and **PROHIBITED** from selling, or otherwise entering into any agreements to sell the Project;

2. This Order shall expire at **5:00p.m. on Thursday, May 17, 2012**, or upon the granting of a motion filed pursuant to FED. R. CIV. P. 65(b)(4), which ever occurs first;

3. The bond requirement is waived;

4. The undersigned will hold a hearing on whether to convert the instant temporary restraining order into a preliminary injunction or to dissolve same at **1:00 p.m. on Tuesday, May 15, 2012** in Courtroom #5A, George C. Young United States Courthouse and Federal Building, 401 W. Central Boulevard, Orlando, Florida,

5. Plaintiff shall expeditiously serve on Defendants a copy of the Complaint (Doc. 1), Summons, *Ex Parte* Motion for Temporary Restraining Order (Doc. 2), and this Order and Notice of Hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 3, 2012.

Copies furnished to:

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Counsel of Record

Unrepresented Party